## ROBERT COOK *vs.* ARIEL HINSDALE.

Two tenants in common, having mortgaged their estate to secure the debt of one of them, assigned their respective interests in the estate to different assignees, who subsequently made partition of the same: The mortgagee brought separate actions against the assignees, to recover of each the parcel of land set to him on the partition ; and the assignee of the mortgagor, for whose debt the mortgage was given, (such assignee having been notified, at the time of his purchase, that he would be bound to pay the mortgage), paid the whole amount due thereon, in discharge of the suit against him, under an agreement that he should thereby become the owner of the mortgage : It was held, that he was not entitled to carry on the action brought by the mortgagee against the other assignee, in order to compel the latter to contribute one half of the debt.

THIS was a writ of entry, wherein the demandant counted upon a mortgage made by one Daniel S. Workman to the Massachusetts Hospital Life Insurance Company, dated April 24th, 1834, to secure the payment of a promissory note for $300 ; which mortgage had been assigned by the mortgagees to the demandant. The case was tried before *Wash burn*, J., in the court of common pleas.

The tenant pleaded the general issue, and specified in his defence, first, payment; and, second, that the real demandant was one Gilbert Green, who was the owner of one half of the premises described in the mortgage deed upon which the demandant's claim is founded, and derived title thereto with the express understanding that the whole amount of the mortgage was to be paid by him, and no part thereof by the tenant; neither the tenant nor those under whom he claimed ever having received any benefit from the mortgage, the whole of which enured to the grantors of Green.

The demandant produced a mortgage deed of the date aforesaid, signed by Daniel S. Workman and Sidney S. Workman, conveying, among other parcels of land, the two lots described in the demandant's writ, and conditioned for the payment of a note for $300, signed by Daniel S. Workman alone. The demandant also produced the note; and the assignment of the mortgage and note to him was proved and admitted.

In the defence it appeared, that after the date of the mortgage, namely, in 1838, Sidney, being embarrassed, made an assignment of his estate to Daniel, and one Shearer, as trustees for the benefit of his creditors under the statute of 1836, *c.* 238; that they held the same until 1840, when it having been ascertained that Sidney was not insolvent, the trustees released the estate to him.

Sidney's title to an undivided half of the estate in question had originally been acquired from his father, who conveyed the same to him May 31st, 1830. Sidney and Daniel were tenants in common.

After the release to him in 1840, Sidney conveyed his undivided half to the tenant by a deed dated February 14th, 1840, with covenants of warranty, except as to one half of two mortgages upon the premises, other than the mortgage in suit. On the 13th of May, 1843, Daniel having become insolvent, a deed was duly executed to Amos Stewart, his assignee, of all his estate under the insolvent laws. On the 19th of March, 1844, Stewart sold the undivided half of Daniel of the mortgaged premises at auction to Gilbert

Green. Before and at the sale it was stated, in the presence and hearing of Green, that the purchaser would be bound to pay half the two other mortgages and all the mortgage that was upon the estate to the Massachusetts Hospital Life Insurance Company.

After his purchase, Green paid, for one year, at least, in July, 1844, the interest upon the whole of the mortgage now in suit, and half the interest upon the other two.

While Green and Hinsdale, the tenant, owned the estates, a partition of the same was made, whereby each became tenant in severalty of the different parts of the mortgaged premises. After the partition, Cook, the demandant, having become assignee of the mortgage, as before stated, commenced two actions thereon, one against Green to recover the part of the mortgaged premises held by him in severalty, and one against the tenant in this action, which is the present suit, to recover the part held by the tenant in severalty.

While both suits were pending, Green paid to Cook the whole amount due upon said mortgage, under an agreement that he should thereby be made the owner of the mortgage. The suit against Green was afterwards stopped, and he paid the costs of the same. The present suit is prosecuted by Green for his own benefit, in the name of Cook, and by his permission.

Upon the foregoing facts appearing, the presiding judge instructed the jury, that the tenant was entitled to a verdict, and a verdict was thereupon returned accordingly in his favor. The demandant thereupon alleged exceptions.

Parol evidence of what was stated before and at the sale, in the presence and hearing of said Green, that the purchaser would be bound to pay half of the two other mortgages, and the whole of the mortgage now in suit, was objected to by the demandant's counsel, but was admitted by the court.

*D. Aiken,* for the demandant.

*C. Devens, Jr.,* for the tenant.

SHAW, C. J. Two tracts of land, held by Daniel S. Workman and Sidney S. Workman, as tenants in common, were mortgaged to the Massachusetts Hospital Life Insurance

Company to secure the payment of the separate note of Daniel S. Workman. All the estate of Sidney subsequently came to the defendant, Hinsdale, subject, of course, to this mortgage, and to some other incumbrances not mentioned. Daniel S. Workman having become insolvent, all his interest in the two parcels of land were conveyed to one Gilbert Green, who paid the interest on the note at least one year. Green and Hinsdale made partition of the lots to hold in severalty. Both parcels were of course subject to the mortgage above named to the insurance company, but for the same debt, and *prima facie* the separate debt of Daniel S Workman.

Cook, the demandant, having become the assignee of this mortgage, brought two actions to foreclose, one against Green for the parcel which was held by him, and the other against Hinsdale for the parcel held by him. Whilst the suits were in court, Green paid the whole amount of the mortgage, and had the suit against him discharged. The other, which is the present suit, is now, by the consent of the nominal plaintiff, prosecuted for the benefit of Green, to enable him, for his own use, to charge the parcel of land held by the tenant for one half of the mortgage debt, which he has paid to the nominal plaintiff.

This claim on the part of Green is purely equitable, in the nature of an equitable assignment; and if he cannot maintain it on this ground, he cannot maintain it at all. If the payment made by Green was strictly speaking a "payment" of the whole mortgage, it would be a bar to both actions, both being brought to recover payment of one and the same debt. But supposing it intended to be a payment of one half, and a purchase of the plaintiff's right to the other half, the court are of opinion that Green has no equity. He took Daniel S. Workman's right only, and that right was to redeem the estate upon the full payment of Daniel S. Workman's debt. Sidney S. Workman's estate, which came to the defendant, was liable for it in law, but it was in the nature of a suretyship. If the suit had been brought against Green alone, to charge the whole mortgage debt on the estate

12*

held by him, we think he would have had no claim for contribution from the tenant in this case.  In paying the whole mortgage, he in effect paid the debt for which his estate was primarily bound, to the exemption of the estate of the tenant; and he was in effect paying his own debt; he had no right in equity therefore to prosecute this suit for his own benefit in the name of the nominal plaintiff.  *Allen* v. *Clark,* 17 Pick. 47;  *Brown* v. *Worcester Bank,* 8 Met. 47.  When Green paid into court the amount of the mortgage, the demandant was not bound to take it and discharge his action, without a tender of the costs in both actions, both suits being rightfully brought, and pending for one and the same debt. *Whipple* v. *Newton,* 17 Pick. 168.

*Judgment for the defendant.*